# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD R. TILLET,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HUDDSON, *et al.*,<br><br>　　　　Defendants. | Case No. 1:25-cv-00996-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CORRECT NAMED DEFENDANTS<br><br>(ECF No. 5)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Lloyd R. Tillet ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint has not yet been screened.

　　　　On August 22, 2025, Plaintiff filed a motion to correct named defendants, which the Court construes as a motion to amend the complaint. (ECF No. 5.) Plaintiff states that upon information recently received, he requests substitution of Sgt. Holland and Correctional Officer L. Martinez for currently named Defendant Huddson, because there is no such person as Huddson. These names are necessary to effect proper service. (*Id.*)

　　　　Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a)

1

1  is very liberal and leave to amend shall be freely given when justice so requires."
2  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and
3  quotation omitted).  However, courts "need not grant leave to amend where the amendment:
4  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in
5  litigation; or (4) is futile." *Id.*
6        In considering the relevant factors, the Court finds no evidence of prejudice, bad faith,
7  undue delay in litigation, or futility.  Plaintiff's complaint has not yet been screened and no
8  defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to
9  amend shall be granted.
10       Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
11 what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,
12 *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be
13 [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555
14 (citations omitted).
15       Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated
16 claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no
17 "buckshot" complaints).
18       Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
19 *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
20 complaint must be "complete in itself without reference to the prior or superseded pleading."
21 Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by
22 reference.
23       Accordingly, IT IS HEREBY ORDERED that:
24 1. Plaintiff's motion to correct named defendants, construed as a motion to amend the
25     complaint, (ECF No. 5), is GRANTED;
26 2. The Clerk's Office shall send Plaintiff a complaint form;
27 3. Plaintiff's first amended complaint is due within **thirty (30) days** from the date of service
28     of this order; and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **December 1, 2025**          /s/ Barbara A. McAuliffe         _
                                       UNITED STATES MAGISTRATE JUDGE