# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD R. TILLET, | Case No.  1:25-cv-00996-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| MARTINEZ, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | (ECF No. 14) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Lloyd R. Tillet ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 6, 2026, the Court screened Plaintiff's first amended complaint and granted Plaintiff leave to file a second amended complaint.  (ECF No. 13.)  Plaintiff's second amended complaint, filed on June 8, 2026, is currently before the Court for screening.  (ECF No. 14.)

## I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b);

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Corcoran, where the events in the second amended complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Correctional Officer L. Martinez; and (2) Correctional Sergeant Holland.

Plaintiff takes different prescribed medications for high blood pressure (LASIX) and for anxiety (Zyprsxa). Plaintiff alleges that at the time of the incident, he was involved in a telephonic/video deposition in the Corcoran 3B visiting room. At the conclusion, Plaintiff started to experience chest pains, which are symptoms related to an anxiety attack. In response to Plaintiff's complaint, Defendants Martinez and Holland called for medical assistance. Before medical assistance could arrive, Defendants put Plaintiff in waist chains believing Plaintiff was to be transported to the hospital. When medical staff arrived, they realized Plaintiff's symptoms were nothing more than an anxiety attack and they were able to calm Plaintiff, thereby abrogating the need to transfer Plaintiff to an outside hospital. Defendants left Plaintiff "waist chained" after knowing that Plaintiff would not need to be transported.

At this point, Plaintiff asked Defendants if he could use the available bathroom, explaining that the LASIX caused him to urinate often, which is what the medication is designed to do.  Defendant Holland stated, "I don't care," and then instructed Defendant Martinez to "drag" Plaintiff out of the visiting room past the available bathroom.  During this encounter, due to Plaintiff having an honest need to urinate, Plaintiff, prior to Defendant Martinez removing the waist chains, urinated on himself.  While Defendant Martinez witnessed this, instead of calling for assistance to obtain clean clothing, screamed at Plaintiff, "Go shower."  This occurred in the inmate exercise yard.

Plaintiff further alleges that prior to Plaintiff's telephonic/video conference deposition, he was escorted to the visiting room by Correctional Officer Zarragozza.  At the time of entering the visiting room, Plaintiff advised this officer of his need to urinate due to the effects of his blood pressure medication.  At the time Plaintiff made his request, Defendants were situated inside the visiting room.  Correctional Officer Zarragozza, acknowledging Plaintiff's medical condition, unlocked the bathroom door for Plaintiff, allowing him access to the bathroom.

Plaintiff contends that the named defendants, knowing of his medical condition, not only allowed Plaintiff to urinate on himself, but did nothing to assist Plaintiff, such as obtaining clean clothes for him after the incident.  Plaintiff argues that defendants, at the very least, could have obtained clean clothing for him.

As relief, Plaintiff seeks compensatory and punitive damages.

Plaintiff also asserts that he has filed a motion seeking discovery of the video surveillance footage of this evidence.  Plaintiff believes that this evidence, if reviewed by the Court, will aid in bolstering Plaintiff's credibility as to what has occurred, and will aid the Court in determining Defendants' liability.

### III.    Discussion

#### A.  Eighth Amendment - Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm.  *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's second amended complaint fails to state a cognizable claim for deliberate indifference to a serious medical need.  Plaintiff does not adequately allege a serious medical need by demonstrating that the failure to allow him to use the restroom on one occasion resulted in further significant injury or the unnecessary and wanton infliction of pain.  Plaintiff also does not adequately allege that any defendant knew of and disregarded an *excessive risk* to Plaintiff's health or safety.  At best, Plaintiff's allegations suggest negligence or gross negligence.

Plaintiff also omits certain allegations in his second amended complaint.  While it is true that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012), Plaintiff also may not omit relevant facts in an attempt to state a cognizable claim. *See Azadpour v. Sun Microsys., Inc.*, No. 06–3272, 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a

4

prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.' ") (citations omitted).  In his first amended complaint, Plaintiff alleged that while waiting for medical, he cancelled medical and requested to be returned to his unit to get his anxiety medication.  (ECF No. 12 at 4-5.)  Defendants' alleged failure to allow Plaintiff to use the restroom during the escort back to his unit amounts to mere indifference or negligence, not deliberate indifference to a serious medical need.

### B.  Eighth Amendment – Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations & quotations omitted). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). To state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Id.* at 731.

Plaintiff's allegations do not rise to the level of an extreme deprivation necessary to state an Eighth Amendment conditions of confinement claim.  Plaintiff has alleged only a temporary deprivation, which is not sufficiently serious. *Chiprez v. Warden*, No. 1:21-cv-00668-DAD-BAM (PC), 2021 WL 3662390, at *3 (E.D. Cal. Aug. 18, 2021), report and recommendation adopted sub nom. *Chiprez v. Warden*, No. 1:21-cv-00668-DAD-BAM PC, 2021 WL 4192035 (E.D. Cal.

Sept. 15, 2021), aff'd, No. 21-16588, 2022 WL 4298143 (9th Cir. Sept. 19, 2022) ("Temporary deprivations of sanitation, water, and shelter that last only a short amount of time and do not pose a serious threat of harm to the prisoner do not give rise to deprivations that are sufficiently serious to support an Eighth Amendment claim."). Plaintiff suggests that Defendants, at the very least, should have provided him with clean clothes. However, according to the allegations in his complaint, Defendant Martinez directed Plaintiff to the shower. There is no indication that Defendant Martinez deprived Plaintiff of the minimal civilized measure of life's necessities by directing Plaintiff to the shower, rather than immediately obtaining clean clothes.

### IV.    Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

*** 

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

*v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 10, 2026**            /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE